# EXHIBIT A

*(N.Y. Civil Service Law § 72 and C.P.L.R. § 7803)*

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

McKinney's Consolidated Laws of New York Annotated
Civil Service Law (Refs & Annos)
Chapter 7. Of the Consolidated Laws (Refs & Annos)
Article V. Personnel Changes
Title A. Transfers: Reinstatements (Refs & Annos)

McKinney's Civil Service Law § 72

# § 72. Leave for ordinary disability

Currentness

1. When in the judgment of an appointing authority an employee is unable to perform the duties of his or her position by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the workers' compensation law, the appointing authority may require such employee to undergo a medical examination to be conducted by a medical officer selected by the civil service department or municipal commission having jurisdiction. Written notice of the facts providing the basis for the judgment of the appointing authority that the employee is not fit to perform the duties of his or her position shall be provided to the employee and the civil service department or commission having jurisdiction prior to the conduct of the medical examination. If, upon such medical examination, such medical officer shall certify that such employee is not physically or mentally fit to perform the duties of his or her position, the appointing authority shall notify such employee that he or she may be placed on leave of absence. An employee placed on leave of absence pursuant to this section shall be given a written statement of the reasons therefor. Such notice shall contain the reason for the proposed leave and the proposed date on which such leave is to commence, shall be made in writing and served in person or by first class, registered or certified mail, return receipt requested, upon the employee. Such notice shall also inform the employee of his or her rights under this procedure. An employee shall be allowed ten working days from service of the notice to object to the imposition of the proposed leave of absence and to request a hearing. The request for such hearing shall be filed by the employee personally or by first class, certified or registered mail, return receipt requested. Upon receipt of such request, the appointing authority shall supply to the employee, his or her personal physician or authorized representative, copies of all diagnoses, test results, observations and other data supporting the certification, and imposition of the proposed leave of absence shall be held in abeyance until a final determination is made by the appointing authority as provided in this section. The appointing authority will afford the employee a hearing within thirty days of the date of a request by the employee to be held by an independent hearing officer agreed to by the appointing authority and the employee except that where the employer is a city of over one million in population such hearing may be held by a hearing officer employed by the office of administrative trials and hearings. If the parties are unable to agree upon a hearing officer, he or she shall be selected by lot from a list of persons maintained by the state department of civil service. The hearing officer shall not be an employee of the same appointing authority as the employee alleged to be disabled. He or she shall be vested with all of the powers of the appointing authority, and shall make a record of the hearing which shall, with his or her recommendation, be referred to the appointing authority for review and decision and which shall be provided to the affected employee free of charge. A copy of the transcript of the hearing shall, upon request of the employee affected, be transmitted to him without charge. The employee may be represented at any hearing by counsel or a representative of a certified or recognized employee organization and may present medical experts and other witnesses or evidence. The employee shall be entitled to a reasonable period of time to obtain such representation. The burden of proving mental or physical unfitness shall be upon the person alleging it. Compliance with technical rules of evidence shall not be required. The appointing authority will render a final determination within ten working days of the date of receipt of the hearing officer's report and recommendation. The appointing authority may either uphold the original proposed notice of leave of absence, withdraw such notice or modify the notice as appropriate. In any event, a final determination of an employee's contest of a notice of leave shall be rendered

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

within seventy-five days of the receipt of the request for review. An employee on such leave of absence shall be entitled to draw all accumulated, unused sick leave, vacation, overtime and other time allowances standing to his or her credit. The appointing authority in the final determination shall notify the employee of his or her right to appeal from such determination to the civil service commission having jurisdiction in accordance with subdivision three of this section.

2. An employee placed on leave pursuant to subdivision one of this section may, within one year after the date of commencement of such leave of absence, or thereafter at any time until his or her employment status is terminated, make application to the civil service department or municipal commission having jurisdiction over the position from which such employee is on leave, for a medical examination by a medical officer selected for that purpose by such department or commission. If, upon such medical examination, such medical officer shall certify that such employee is physically and mentally fit to perform the duties of his or her position, he or she shall be reinstated to his or her position.

3. An employee who is certified as not physically or mentally fit to perform the duties of his or her position and who is placed on leave of absence pursuant to subdivision one of this section, or who is denied reinstatement after examination pursuant to subdivision two of this section, may appeal from such determination to the state or municipal civil service commission having jurisdiction over his or her position. Such employee and appointing officer or their representatives shall be afforded an opportunity to present facts and arguments in support of their positions including medical evidence at a time and place and in such manner as may be prescribed by the commission. Provided however, that in considering appeals pursuant to subdivision two of this section where a hearing has not been held within nine months from the date of notification pursuant to subdivision one of this section, the commission shall designate an independent hearing officer who shall hold a hearing and report thereon. The commission shall make its determination on the basis of the medical records and such facts and arguments as are presented to it. The final determination of the commission shall be binding on both the employee and the appointing authority; provided, however, that an employee or appointing authority may seek review of a final determination of a commission in accordance with the provisions of article seventy-eight of the civil practice law and rules.

4. If an employee placed on leave pursuant to this section is not reinstated within one year after the date of commencement of such leave, his or her employment status may be terminated in accordance with the provisions of section seventy-three of this article.

5. Notwithstanding any other provisions of this section, if the appointing authority determines that there is probable cause to believe that the continued presence of the employee on the job represents a potential danger to persons or property or would severely interfere with operations, it may place such employee on involuntary leave of absence immediately; provided, however, that the employee shall be entitled to draw all accumulated unused sick leave, vacation, overtime and other time allowances standing to his or her credit. If such an employee is finally determined not to be physically or mentally unfit to perform the duties of his or her position, he or she shall be restored to his or her position and shall have any leave credits or salary that he or she may have lost because of such involuntary leave of absence restored to him or her less any compensation he or she may have earned in other employment or occupation and any unemployment benefits he or she may have received during such period.

**Credits**

(Added L.1969, c. 225, § 2. Amended L.1983, c. 561, § 1; L.1984, c. 547, § 1.)

# New York Consolidated Laws, Civil Practice Law and Rules - CVP § 7803. Questions raised

Current as of January 01, 2024 | Updated by Findlaw Staff

The only questions that may be raised in a proceeding under this article are:

1. whether the body or officer failed to perform a duty enjoined upon it by law; or

2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or

3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or

4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.

5. A proceeding to review the final determination or order of the state review officer pursuant to subdivision three of section forty-four hundred four of the education law shall be brought pursuant to article four of this chapter and such subdivision; provided, however, that the provisions of this article shall not apply to any proceeding commenced on or after the effective date of this subdivision.

‹ **Previous Part of Code** **Next Part of Code** ›

‹ **Back to Chapter List**

Copy

Cite this article: FindLaw.com - New York Consolidated Laws, Civil Practice Law and Rules - CVP § 7803. Questions raised - *last updated January 01, 2024* | https://codes.findlaw.com/ny/civil-practice-law-and-rules/cvp-sect-7803/

Read this complete New York Consolidated Laws, Civil Practice Law and Rules - CVP § 7803. Questions raised on Westlaw. Westlaw subscription required.

FindLaw Codes may not reflect the most recent version of the law in your jurisdiction. Please verify the status of the code you are researching with the state legislature or via Westlaw before relying on it for