UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMIA SHYMANSKY,<br><br>                              Plaintiff,<br><br>          -against-<br><br><br> STATE OF NEW YORK, et al.,<br><br>                              Defendants. | **ORDER**<br><br>**25-CV-10850 (PAE) (KHP)** |

**KATHARINE H. PARKER, United States Magistrate Judge.**

The Court is in receipt of a letter from Plaintiff requesting (1) to be excused from the undersigned's Individual Practices in Civil Cases, at least to the extent she wishes to schedule a temporary restraining order ("TRO") hearing; and (2) an order directing service on Defendants by the United States Marshals Service. The applications are **denied** as follows.

First, Plaintiff's request to be excused from the undersigned's individual practices applicable to pro se litigants is **denied.** Importantly, the undersigned is referred only for general pretrial matters and cannot decide a temporary restraining order or preliminary injunction motion without an amended order of reference. Such a motion should be directed toward Judge Engelmayer unless or until it is referred to the undersigned. Additionally, to the extent the Plaintiff requests to be excused from Judge Engelmayer's Individual Practices, the Court cannot provide that relief. Plaintiff should comply with Judge Engelmayer's rules regarding filing for temporary restraining orders and/or preliminary injunctions.

Next, the request for an order directing service by the United States Marshals Service is **denied without prejudice**. Plaintiff is proceeding *in forma pauperis*. Accordingly, Plaintiff is

entitled to rely on the United States Marshals Service to effect service of process. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  However, the Court cannot at this time direct the United States Marshals Service to serve process because Plaintiff has not provided service addresses for any of the defendants.  Accordingly, the Court directs Plaintiff to file **on or before February 24, 2026**, a sworn statement that lists each defendant separately and states for that defendant: (1) the legal name of that defendant; (2) the address of that defendant at which that defendant may be served; and (3) a full explanation of the Plaintiff's basis for believing that the defendant may be found at that address.

Finally, Plaintiff is reminded that since the cases are consolidated, **the second-filed action (Docket Number 26-cv-152) is terminated and no further filings should be made in that action.**  All filings shall be made in the first-filed action (Docket Number 25-cv-10850).  The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 11 in No. 25-cv-10850 and ECF No. 10 in No. 26-cv-152.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**The Clerk of Court is directed to mail a copy of this order to the Plaintiff.**

Dated: New York, New York
 February 3, 2026

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge

2