Demia Shymansky

February 6, 2026

**Via ECF and Email**

The Honorable Paul A. Engelmayer
U.S. District Court Judge for the Southern District of New York
Thurgood Marshall, U.S. Courthouse
40 Foley Square, Rm. 1305
New York, New York  10007

The Honorable Katharine H. Parker
U.S. Magistrate Judge for the Southern District of New York
Daniel Patrick Moynihan, U.S. Courthouse
500 Pearl Street, R. 17D
New York, New York  10007

> Re:    Shymansky v. State of New York, et al., No. 1:25-cv-10850 –
>        Waiver from *Pro Se* Individual Rules

Dear Judges Engelmayer and Parker:

I am the plaintiff in the above-referenced proceeding and licensed to practice as an attorney in the State of New York. I am currently proceeding *pro se*. As you may be aware, I initiated this matter by e-mailing my complaint and supporting papers to the Pro Se Office on or around December 31, 2025 after discovering that my ECF account was inactive. After a few days, I had not heard from a member of the Pro Se Office and was unable to speak to anyone directly to verify the status of my case. For that reason, I filed the case electronically on or around January 8, 2026 after my ECF account was reactivated, thereby resulting in case number 1:26-cv-00152 (Shymansky II). The purpose of this letter is to request permission to contact chambers to resolve scheduling and calendar matters and request that the U.S. Marshals be directed to complete service of process pursuant to Fed. R. Civ. P. 4(c)(3).

On or around January 22, 2026, this Court issued an order to consolidate the cases and transfer all documents filed in Shymansky II to Shymansky I. See Order dated Jan. 22, 2026, Doc. No. 8. The court further acknowledge my admission to practice in this District. However, on or around January 30, 2026, I contacted the court to schedule a motion for a temporary restraining

*Shymansky v. State of New York, et al.*

order. At that time, I was referred to the Pro Se Office and an order was issued later that day directing any and all communication from me to the Pro Se Office. See Order dated Jan. 30, 2026, Doc. No. 9. While I appreciate that it is not customary for attorneys admitted to practice in this District to proceed *in forma pauperis* ("IFP"), the court will notice that this case is not customary.

The Individual Rules and Practices in Civil Cases, Rev. Apr. 2021 and the Individual Practices in Civil Cases, Rev. Jul. 2024 ("Judge Parker's Rules") prohibit *pro se* parties from contacting chambers. They also direct counsel to contact chambers directly for docketing, scheduling, and calendar matters. It has been my practice to resolve such matters directly with chambers. For that reason, I request an exemption from the directive to address those concerns with the Pro Se Office. It is my understanding that Judge Parker's Rules encourage participation by junior attorneys as opposed to their exclusion. My direct contact with chambers would be analogous to such participation.

Please be advised that the request to contact chambers directly for scheduling matters was filed on or around February 2, 2026, and the request was denied, and I was referred to the Pro Se Office. After visiting the Pro Se Office in person, I was informed to direct this request to Judge Engelmayer for the purpose of scheduling a date to hear my emergency motion for injunctive relief.

Respectfully,

Demia Shymansky

DENIED.  As a licensed attorney, Ms. Shymansky is free to file letters on the docket of this case, but may not communicate with Chambers directly except in the very limited circumstances stated in the Court's Individual Rules.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Date: February 10, 2026
New York, New York

2