UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMIA SHYMANSKY,<br><br>                                    Plaintiff,<br><br>          -against-<br><br><br>STATE OF NEW YORK, et al.,<br><br>                                    Defendants. | **SCHEDULING ORDER**<br><br>**25-CV-10850 (PAE) (KHP)** |

**KATHARINE H. PARKER, United States Magistrate Judge.**

The Court is in receipt of requests by Defendants State of New York ("State") and City of New York ("City") to adjourn the date of the initial case management conference ("ICMC") currently scheduled for April 1, 2026, at 12:00 p.m.  Plaintiff Shymansky opposes and has filed a proposed Case Management Plan along with a letter setting forth her proposed agenda for the ICMC.  Further, Plaintiff argued that in the absence of consent, adjournments of ICMC dates are not ordinarily granted.  However, there is no rule to that effect.  Moreover, good cause exists for an adjournment of these deadlines in this case because Plaintiff also asked for additional time to serve the Complaint and for an order directing service by the U.S. Marshals Service.  In a separate order, the Court granted that request.[1]  Therefore, the Court adjourns the Initial Case Management Conference *sine die*.

Once service is effectuated, Defendants wishing to file a motion to dismiss should follow this Court's individual practices in civil cases regarding filing pre-motion letters.  Those letters

---

[1] While both the City Defendants and the State are appearing on the docket, there are still three individuals who have not yet filed anything in this case.  Further, the Court deems it important to give an appropriate length of time to serve all defendants in this case to avoid issues with jurisdiction and service, to whatever extent the appearing parties might wish to contest service.

should propose a briefing schedule for the contemplated motions as well as responsive briefing on the motion for a temporary restraining order and preliminary injunction.

Further, the Court received an *ex parte* email from Plaintiff, attached to this Order as Exhibit A.  The Court prohibits such communications except if expressly permitted in connection with settlement communications.  **Plaintiff shall not contact chambers in this way again. Violations of this order will result in sanctions.**

Finally, Plaintiff is further reminded that **the docket in case number 26-cv-152 is closed and no further filings should be made in that case.**

**The Clerk is hereby directed to terminate the motion at ECF Nos. 20 and 26 as granted.**

**Further, the Clerk is directed to terminate the motion at ECF No. 22.**  ECF No. 22 is a notice of appearance, so it appears to have been filed as a motion in error.

Dated: New York, New York
March 27, 2026

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge

2

# EXHIBIT A

3/27/26, 11:53 AM
Case 1:25-cv-10850-RAE-KHP   Document 36   Filed 03/27/26   Page 4 of 18
Shymansky v. State of New York, et al., No. 1:25-cv-10850 - Szkaradek Outlook

 **Outlook**

---

## Shymansky v. State of New York, et al., No. 1:25:cv-10850

---

**From** Demia Wilburn <demia.wilburn@gmail.com>

**Date** Fri 3/27/2026 8:35 AM

**To** Parker NYSD Chambers <Parker_NYSDChambers@nysd.uscourts.gov>

📎 4 attachments (552 KB)
SDNY - Doc 21 - Motion to Extend Time to Serve 3-26.pdf; SDNY - Doc 24 - Proposed Case Management Plan 3-26.pdf; SDNY - Doc 28 - Proposed Agenda for ICMC 3-26.pdf; SDNY - Doc 31 - Plaintiff's Second Proposed Case Management Plan 3-26.pdf;

**CAUTION - EXTERNAL:**

Good Morning Judge Parker:

I am following up on the status of the motion to extend time to serve. Opposing counsel and I filed a number of motions requesting extensions of time last week. While we cannot agree on the upcoming deadlines, I am most concerned about the expiration of the time to serve. The court will notice that the NYC Law Department is representing a number of defendants for the City and neither filed a Proposed Case Management Plan nor returned the waivers of service as it conveyed to me. It is my understanding that it intends to file a 12(b) motion, but my goal is to ensure that failure to effect service is not a defense, especially given that I have communicated with its counsel and further asked the court for the U.S. Marshals to effect service as an IFP litigant.

I understand that as I pro se litigant, I must submit communications through the Pro Se Office, but I have not received any updates after having done so. I appreciate the court's time and consideration.

Respectfully,
W Demia Wilburn (Shymansky)

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Demia Shymansky


March 19, 2026

**<u>Via ECF and Email</u>**
The Honorable Paul A. Engelmayer
U.S. District Court Judge for the Southern District of New York
Thurgood Marshall, U.S. Courthouse
40 Foley Square, Rm. 1305
New York, New York 10007


The Honorable Katharine H. Parker
U.S. Magistrate Judge for the Southern District of New York
Daniel Patrick Moynihan, U.S. Courthouse
500 Pearl Street, R. 17D
New York, New York 10007


        Re:     Shymansky v. State of New York, et al., No. 1:25-cv-10850 –
                <u>Extension of Time to Serve</u>

Dear Judges Engelmayer and Parker:

       I am the plaintiff in the above-referenced proceeding and licensed to practice as an attorney in the State of New York. I am currently proceeding *pro se*. As you may be aware, I previously requested the court to compel the U.S. Marshals to effect service of process pursuant to Fed. R. Civ. P. 4(c)(3) on February 2, 2026, and the request was denied for my not submitting addresses for the parties to be served. The purpose of this letter is to renew that motion and further request an extension of time to serve.

       On March 2, 2026, I electronically mailed a Notice of Waiver to the defendants pursuant to Fed. R. Civ. P. 4(d)(1). I repeated that service via first-class mail on March 6, 2026. I further initiated discussions with the opposing parties to comply with the court's order to file a Proposed Case Management Plan by March 23, 2026. One defendant returned a completed waiver. Several other defendants, by and through their legal representation, declined. Admittedly, the waivers are due April 6, 2026, which is after the initial conference is scheduled. The expiration of the time to effect service is questionable.

The commencement date of this case is not clear. The initiating papers were sent to the Pro Se Office for filing on December 31, 2025, but after not receiving confirmation that the documents were filed and gaining access to my attorney account, I filed the complaint and supporting papers on January 8, 2026. The court consolidated the cases so that it would proceed with the first case number issued. Thus, it is not clear if the time to serve expires on March 31, 2026 or April 8, 2026. Nevertheless, I require more time.

I have been unable to determine service addresses for a number of the individual parties. I know their work locations, but I have not been able to find their personal addresses for proper service. Whether they intend to return the waiver remains uncertain, but in any event, the rules impose the financial burden on them for their failure to do so. Fed. R. Civ. P. 4(d)(2)(A) ("If a defendant fails, without good cause, to sign and return a waiver requested by a plaintiff . . . the court must impose on the defendant the expenses later incurred for making service."). I request that the court extend the time to serve until June 1, 2026.

Because I am proceeding *in forma pauperis*, I would need the U.S. Marshals to complete service. For that reason, I renew my motion to direct the U.S. Marshals to complete service against any and all parties that do not return the waiver. Also, if they are not able locate addresses for the individual parties, then I must reiterate the need to extend time to serve so that such information would be made available in the initial disclosures as parties with discoverable information.

Courts consistently lean towards a case being decided on the merits, and lack of resources should not foreclose the doors to justice. Therefore, I request that time to serve the parties listed below be extended to June 1, 2026 or a reasonable time following the initial disclosures. I further request that the court direct the U.S. Marshals to effect service against those parties and such other and further relief that the court deems just and proper.

Respectfully,

Demia Shymansky

**DEFENDING PARTIES**

| <u>Defendant</u> | <u>Address</u> |
|---|---|
| City of New York (Declined) | Steven Banks, Esq.<br>Corporation Counsel<br>100 Church Street<br>New York, New York  10007<br>sbanks@law.nyc.gov |
| New York (City) Police Department (Declined) | Michael Gerber, Esq.<br>Deputy Commissioner, Legal Matters<br>One Police Plaza, Rm. 1406<br>New York, New York  10038<br>Michael.gerber@nypd.org |
| Thomas Donlon<br>Former Interim Police Commissioner<br>(Until April 6) | John Scola, Esq.<br>90 Broad Street, 10th FL<br>New York, New York  10004<br>jscola@johnscolalaw.com |
| Jessica Tisch<br>Police Commissioner<br>(Until April 6) | The Police Commissioner<br>One Police Plaza<br>New York, New York  10038<br>pc.office@nypd.org |
| Brian McCaffrey<br>(Until April 6) | Law Offices of Brian McCaffrey<br>420 Lexington Ave., Rm . 1402<br>New York, New York  10170<br>Brian.mccaffrey@nypd.org |
| Asya Abbas<br>(Until April 6) | One Police Plaza, Rm. 1406<br>New York, New York  10038<br>Asya.abbas@nypd.org |
| Nicole Moccio<br>(Until April 6) | One Police Plaza, Rm. 1406<br>New York, New York  10038<br>Nicole.moccio@nypd.org |
| Office of Administrative Trials and Hearings (Declined) | Frank Ng, Esq.<br>Office of the General Counsel<br>Office of Administrative Trials and Hearings<br>100 Church Street, 12th FL<br>New York, New York  10007<br>fng@oath.nyc.gov |

| | |
|---|---|
| Asif (Asim) Rehman<br>Chief Administrative Law Judge<br>(Until April 6) | Office of Administrative Trials and Hearings<br>100 Church Street, 12th FL<br>New York, New York  10007<br>arehman@oath.nyc.gov (returned)<br>asim.rehman@nyls.edu |
| (New York City) Civil Service Commission<br>(Declined) | Amanda Wismans, Esq.<br>Civil Service Commission<br>1 Centre Street, Ste. 2300N<br>New York, New York  10007<br>awismans@nyccsc.nyc.gov<br>submissions@nyccsc.nyc.gov |
| Nancy G. Chaffetz<br>Commissioner and Chair<br>(Until April 6) | Nancy G. Chaffetz, Esq.<br>Civil Service Commission<br>1 Centre Street, Ste. 2300N<br>New York, New York  10007<br>nchaffetz@nyccsc.nyc.gov (returned)<br>submissions@nyccsc.gov<br>awismans@nyccsc.gov |
| Organization of Staff Analysts<br>(Until April 6) | Adam Orgel, Esq.<br>Organization of Staff Analysts<br>220 E. 23rd Street, Ste. 707<br>New York, New York  10010<br>aorgel@osaunion.org (returned)<br>aorgel@osastaff.org |

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

DEMIA SHYMANSKY f/k/a WYNEIKA
WILBURN

      Plaintiff,

    -vs-

STATE OF NEW YORK, CITY OF NEW
YORK, NEW YORK POLICE DEPARTMENT,
THOMAS DONLON, in his official capacity as
police commissioner, and JESSICA TISCH, in
her official capacity as police commissioner,
BRIAN MCCAFFREY, ASYA ABBAS,
NICOLE MOCCIO, OFFICE OF
ADMINISTRATIVE TRIALS AND
HEARINGS, ASIF REHMAN, in his official
capacity as chief administrative law judge,
CIVIL  SERVICE COMMISSION, NANCY G.
CHAFFETZ, in her official capacity as deputy
commissioner, and the ORGANIZATION OF
STAFF ANALYSTS, UNKNOWN AGENCIES
OF THE CITY OF NEW YORK and THEIR
RESPECTIVE EMPLOYEES (2021 – 2025),
fictitious and/or unknown to the plaintiff, and
UNKNOWN TRANSIT AUTHORITIES and
THEIR RESPECTIVE EMPLOYEES (2021 –
2025), fictitious and/or unknown to the plaintiff.

      Defendants.

Case No. 1:25-cv-10850 (PAE)(KHP)

**PROPOSED CIVIL CASE
MANAGEMENT PLAN**

   This Civil Case Management Plan (the "Plan") is submitted by DEMIA

SHYMANSKY f/k/a WYNEIKA WILBURN ("Demia"), the plaintiff in the above-captioned

proceeding, in accordance with Fed. R. Civ. P. 26(f)(3) and the Order Scheduling Initial Case

Management Conference dated January 15, 2026 (the "Order").

   1.  This proceeding, brought pursuant to 42 U.S.C. § 1983 and certain labor

law violations pursuant to federal, state, and local laws, including, but not limited to, the right to

representation pursuant to a collective bargaining agreement, challenges the constitutionality of New York Civil Service Law § 72 ("Section 72") for its failure to ensure adequate due process protections. The law fails on its face and as it was applied to Demia by the defendants, in sum or part. Its inadequacies through the defendants' application of the law trigger other constitutional violations, such as the First, Third, Fourth, Eighth, and Thirteenth Amendments as well as the labor law violations. The provisions are not customarily adjudicated before this Court in such cases. The facts are not novel, but our view of the laws as they respond to our evolving circumstances may be new in this case. Government abuse and corruption resulted in the misuse of Section 72, and our current statutes regarding human trafficking and public corruption, do not properly cover these facts. But the living language of the U.S. Constitution does. The defendants are motivated to conceal their actions, including the practice of medicine by its unlicensed practitioner, and Demia is motivated to bring them to light. This Plan focuses solely on that goal.

2.      Demia does not consent to conducting all further proceedings before a Magistrate Judge. A jury trial has been demanded to preserve that right. This Court issued an Amended Order of Reference dated February 9, 2026 referring pre-trial matters before a Magistrate Judge, and Demia is adhering that order.

3.      Demia initiated communication with the defendants on or around March 16, 2026 to propose deadlines for disclosures based on their timely return of waivers for service. Counsel for the State of New York (the "State") returned the waiver, and thus, it has an answer deadline of May 1, 2026 pursuant to Fed. R. Civ. P. 4(d)(3). The State intends to submit a dispositive motion by that date. Counsel for the City of New York (the "City") expressed intentions on returning the waiver for its respective agencies, and thus, it has an answer deadline of May 1,

2026. Employees of the City who have been individually named have yet to respond, but they have until April 6, 2026 to submit their waivers.

4.      Demia proposes initial disclosures pursuant to Fed. R. Civ P. 26(a)(1) due no later than May 22, 2026. Certain information is necessary to amend the complaint dated December 30, 2025 and entered January 8, 2026. The names of certain defending parties need to be corrected and other parties who should be included as defendants need to be named.

5.      Demia proposes three (3) amendments of the complaint without leave of court based on the development of new information and/or evidence. The last day to amend must be after the defendants' admissions and denials and/or initial disclosures.

6.      Demia proposes all fact discovery to be completed no later than September 1, 2026.

7.      Demia proposes the following discovery schedule:

- Initial requests for production of documents to be served by May 29, 2026
- Interrogatories to be served by June 15, 2026 (adjusted from time to time based on list of parties)
- Depositions to be completed by August 1, 2026 (to be adjusted from time to time based on list of parties and information obtained)
- Requests to Admit to be served no later than August 17, 2026

8.      The parties have not confirmed the need for experts. However, if experts are used by either party, Demia proposes expert discovery to be completed by October 15, 2026.

9.      Although designated as a pro se litigant, Demia reserves the right to attend any and all pre-trial motion conferences. It is her understanding that such a conference would be required on a motion for summary judgment. The State expressed its intent to file a motion pursuant to Fed. R. Civ. P. 12(b), and Demia is reiterating before the filing of that motion her need to amend the complaint.

3

10.     The Initial Case Management Conference is scheduled for April 1, 2026. The State and City requested an adjournment. Demia will submit an agenda letter before the conference. She proposes that if the court grants the City's and/or State's request to adjourn that it occurs no later than May 8, 2026.

11.     The parties have not conferred beyond discussing adjournment of certain deadlines. Demia will entertain good faith discussions of settlement. The issue of jury instructions remains open.

Dated:  March 20, 2026
        New York, New York

By: _____
        DEMIA SHYMANSKY

Demia Shymansky

March 23, 2026

<u>**Via ECF**</u>

The Honorable Katharine H. Parker
U.S. Magistrate Judge for the Southern District of New York
Daniel Patrick Moynihan, U.S. Courthouse
500 Pearl Street, R. 17D
New York, New York  10007

Re:    Shymansky v. State of New York, *et al*., No. 1:25-cv-10850 –
       <u>Proposed Agenda for Initial Case Management Conference</u>

Dear Judge Parker:

As you may be aware, counsel for the State of New York (the "State") and the City of New York (the "City") submitted requests to the court to adjourn the initial case management conference (the ICMC") *sine die*. It is my understanding that such requests are granted when all parties consent and/or they have engaged in settlement discussions. Neither scenario is true in this case. Pursuant to your individual part rules, we are encouraged to be prepared for the ICMC. Admittedly, we have outstanding issues regarding the return of waivers of service from all but one (1) defendant, a determination of the time to serve, and the need to amend the complaint prior to the State and City filing dispositive motions pursuant to Fed. R. Civ. P. 12(b).   Nevertheless, I intend to comply with the schedule as it exists until the court orders differently.

Below you will find a proposed agenda of subject matter that may be helpful in streamlining the ICMC in the interest of efficiency and clarification.

**<u>Proposed ICMC Agenda</u>**

1) Scope of Litigation
   a. Focused subject matter of existing case
   b. Subsequent and/or pending litigation topics to exclude
2) Scope of Representation – the City's Counsel
   a. Employees acting w/in scope of employment
   b. Employees acting w/out scope of employment
   c. Department of Sanitation (not yet named) and other similarly situated agencies

3) Deadlines – 12(b) Motion, Service, and Joinder of Parties
4) Discovery
   a. Authentication of Records
   b. Methods of Delivery
   c. Types of Disclosure and Schedule
      i. Initial Disclosures
      ii. Tentative Schedule for Other Types

In the City's letter to the court dated March 20, 2026, opposing counsel seemed to advocate for the submission of a proposed Joint Case Management Plan; however, the court's order scheduling the ICMC directed submissions from each party. If the ICMC is adjourned indefinitely, then it is unclear when such a joint effort would occur. While they have an interest in disposing of this case, I intend to facilitate it moving forward efficiently without compromising the position of either party.

Respectfully,

Demia Shymansky

cc: Parties on Annexed List

2

**PARTIES**

| | |
|---|---|
| State of New York | **Via ECF**<br>Emily Dufner, Esq.<br>Office of the New York State Attorney General<br>28 Liberty Street, 16th FL<br>New York, New York  10005 |
| City of New York, its respective agencies, and named officials | **Via ECF**<br>Marina Sukonnik, Esq.<br>NYC Law Department<br>100 Church Street<br>New York, New York  10007 |
| Brian McCaffrey | **Via Email**<br>Law Offices of Brian McCaffrey<br>420 Lexington Ave., Rm . 1402<br>New York, New York  10170<br>Brian.mccaffrey@nypd.org |
| Asya Abbas | **Via Email**<br>One Police Plaza, Rm. 1406<br>New York, New York  10038<br>Asya.abbas@nypd.org |
| Nicole Moccio | **Via Email**<br>One Police Plaza, Rm. 1406<br>New York, New York  10038<br>Nicole.moccio@nypd.org |
| Organization of Staff Analysts | **Via Email**<br>Adam Orgel, Esq.<br>Organization of Staff Analysts<br>220 E. 23rd Street, Ste. 707<br>New York, New York  10010<br>aorgel@osastaff.org |

*March 2021*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------X
Demia Shymansky f/k/a Wyneika Wilburn          :
                                               :          CIVIL ACTION NO.: 1:25-cv-10850 (PAE) (KHP)
                                               :
                                               :
                       Plaintiff,              :
                                               :
        against                                :
                                               :
 State of New York, et al.                     :
                                               :
                                               :
                                               :
                       Defendants              :
                                               :
                                               X
----------------------------------------------------
```

Plaintiff's Second
**<u>PROPOSED CASE MANAGEMENT PLAN FOR PRO SE CASE</u>**

1. **Summary of Claims, Defenses, and Relevant Issues.**

   Plaintiff/Defendant (circle one)

   The defendants, in whole or in part, violated the plaintiff's right to due process as well as other constitutional provisions in its application of New York Civil Service Law Section 72. The statute fails to provide adequate due process protections as it is currently drafted. Upon information and belief employees of the City of New York retaliated against the plaintiff for speaking out against certain practices in the workplace, and Section 72 was used to harass, discriminate and retaliate against her. The actions taken show great abuse and corruption as persons charged with oversight failed to adhere to constitutional provisions, thereby facilitating the violations. Labor law violations are also raised. Certain acts taken by the Department of Motor Vehicles was in participation of the retaliation and control (13th Amendment) against or of the the plaintiff.

2. **I understand my obligation to and am preserving relevant information.**

   Plaintiff/Defendant (circle one)

3. **Proposed Schedule**

All discovery should be completed by September 1, 2026 _____

    a.    <u>Depositions</u>:  Depositions shall be completed by August 1, 2026 _____

    b.    Neither party may take more than 15 ____ depositions.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

c. Initial Requests for Documents must be made by <u>May 29, 2026</u>.

d. Responses to Requests for Documents must be made by <u>June 15, 2026</u>.

e. Documents from third-parties (such as doctors) will/will not (circle one) be required.  If required, the following are the third-parties from whom Documents will be requested.

  Issue of experts is not yet determined. I reserve the right to present experts should the need arise.

f. Subpoenas requesting Documents from third-parties must be served by <u>June 15, 2026</u>.  Documents obtained from third-parties must be provided to all parties in this matter.

g. There will/will not (circle one) be expert testimony in this case.  If expert testimony will be needed, please describe the topic on which the expert(s) is expected to testify

  Methods employed by the City of New York, including the New York City Police Department, to gather intelligence and history of abuse of those resources, inter alia

4. **Early Settlement or Resolution**

The parties have/~~have not~~ (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than <u>N/A</u>.  The following information is needed before settlement can be discussed:

List and calculation of actual damages, names of responsible parties, and removal of the plaintiff from that network

5. **Other Matters**

Plaintiff(s)/Defendant(s) (circle one) wish to discuss the following additional matters at the Initial Case Management Conference.

The plaintiff needs to amend the complaint and requires initial disclosures to name all proper defendants. Please refer to the Proposed Civil Case Management Plan dated March 21, 2026 (Doc. 24) and the Proposed Agenda for the Initial Case Management Conference (Doc. 28)

2

Respectfully submitted this <u>23rd</u> day of <u> March </u>.

<u>Demia Shymansky </u>

Name

<u> N/A                                          </u>

Address

_____

Phone number

_____

Email

_____

Party representing (if applicable)

This Second Proposed Case Management Plan is being submitted after reviewing the Order Scheduling the Initial Case Management Conference dated January 15, 2026 directing parties to complete this form. The Plaintiff is submitting it to comply with that order but further directs the court to her Proposed Case Management Plan dated March 20, 2026 as a more complete discovery schedule.

3