USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____5/7/2026_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMIA SHYMANSKY,

                Plaintiff,

-against-

STATE OF NEW YORK, et al.,

                Defendants.

**ORDER**

**25-CV-10850 (PAE) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

The Court is in receipt of Plaintiff's letter dated May 6, 2026.  To the extent Plaintiff is seeking entry of default judgment as to Defendants, the City of New York and Organization of Staff Analysts, Plaintiff did not comply with Federal Rule of Civil Procedure 55 or Local Rule 55. Further, default judgment is improper.  Plaintiff sent the Request for Waiver of Service on March 2, 2026, and Defendants filed appearances on April 16, 2026 and March 24, 2026, respectively, and filed their pre-motion letters ahead of their anticipated motions to dismiss by May 1, 2026. (ECF Nos. 34, 42-1, 59, 63, 64).  The Court has set the briefing schedule for the Defendants' anticipated motions to dismiss.

Furthermore, the Court construes Plaintiff's letter as a request for the undersigned to recuse herself.  A judge should recuse herself when the judge harbors a "personal bias or prejudice" concerning a party or "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a)–(b).  A recusal decision rests within the sound discretion of the judge whose recusal is sought.  *See United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).  There is a strong presumption that a judge is impartial,

and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted).  Significantly, "[t]he alleged bias and prejudice to be disqualifying must stem from an *extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (emphasis added); *see also Apple v. Jewish Hospital and Medical Ctr.*, 829 F.2d 326, 333 (2d Cir.1987) (noting that the analysis "looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context").  The opinions of judges formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Recusal is only warranted if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (alteration in original) (citation omitted).

Here, Plaintiff has cited no basis for recusal other than that the Court's "order demonstrates a clear bias towards the defending parties," which appears to reference this Court's setting of a briefing schedule for motions to dismiss.  (ECF No. 68).  In other words, Plaintiff cites no extrajudicial source, and, therefore, there is no basis for recusal here.

**The Clerk of Court is directed to mail a copy of this order to the Plaintiff and terminate the pending motion at ECF No. 68.**

Dated: New York, New York
       May 7, 2026

SO ORDERED.

KATHARINE H. PARKER
United States Magistrate Judge