UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

DEMIA SHYMANSKY f/k/a WYNEIKA WILBURN,

Plaintiff,

-vs-

STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, JOSHUA VINCIGUERRA, in his official capacity as Deputy Commissioner and General Counsel, NEW YORK STATE UNIFIED COURT SYSTEM, SARENITY GIBBS, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, THOMAS DONLON, in his official capacity as police commissioner, and JESSICA TISCH, in her official capacity as police commissioner, MICHAEL GERBER, BRIAN MCCAFFREY, ASYA ABBAS, NICOLE MOCCIO, DR. CHRISTINA GILLE, DR. ADAM BLOOM, DR. LOKUSH REDDY, KEVIN ANDRADE, OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS, ASIM REHMAN, in his official capacity as chief administrative law judge, TIFFANY HAMILTON, in her official capacity as Administrative Law Judge, NEW YORK CITY OFFICE OF LABOR RELATIONS, CHERYL GRIFFIN, NEW YORK CITY CIVIL SERVICE COMMISSION, NANCY G. CHAFFETZ, in her official capacity as deputy commissioner, DRAFTERS OF THE CSC FINAL DETERMINATION DATED MAY 14, 2025, the ORGANIZATION OF STAFF ANALYSTS, LEONARD SHRIER, STEPHEN PARKER, DEPARTMENT OF SANITATION OF NEW YORK, JAVIER LOJAN, in his official capacity as Commissioner, UNKNOWN AGENCIES OF THE CITY OF NEW YORK and THEIR RESPECTIVE EMPLOYEES (2021 – 2025), fictitious and/or unknown to the plaintiff, and UNKNOWN TRANSIT AUTHORITIES and THEIR RESPECTIVE

Case No. 1:25-cv-10850 (PAE) (KHP)

**ERRATA TO FIRST AMENDED COMPLAINT**

| |
|---|
| EMPLOYEES (2021 – 2025), fictitious and/or unknown to the plaintiff,<br><br>Defendants. |

DEMIA SHYMANSKY f/k/a WYNEIKA WILBURN ("Demia"), the plaintiff in the above-captioned proceeding, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1. On or around June 22, 2026, Demia experienced persistent hacking to prevent the filing of the First Amended Complaint dated June 22, 2026. The defendants have established a pattern of hacking and intentionally interfering with the filing of documents in connection with this matter. The pattern consists of intercepting the filing, returning the document for a correction, and then changing the original iteration of the document. The delay allows them time to change information that may be used to reveal their involvement in certain activities.

2. Upon information and belief, a sizable number of attorneys participated in a scheme to engage in impropriety at egregious levels. They solicited the aid of others and attempted to cover up their misconduct. Their behavior, if known, would be an embarrassment to the agencies that employ them and the City of New York overall.

3. For that reason, this errata is accompanying the second re-filing of the First Amended Complaint.

4. ¶ 29 states, "in November 2024". It should read "on or around December 7, 2024".

5. ¶ 28 names the defendant as "Lokush", but his name is Dr. Lokesh Reddy. The global change will likely be by amendment pursuant to the court's leave.

6. ¶ 30 should have been amended to read "New York City Civil Service Commission".

7. The caption should have been amended to designate Michael Gerber as being named in his official capacity as Deputy Commissioner of Legal Matters.

8. ¶ 314 should have been amended to include Cmmr. Vinciguerra.

9. ¶ 327 is believed to have named Cmmrs. Donlon and Tisch, but to have been changed by the defendants. That paragraph also should have been amended to include Cmmr. Vinciguerra.

10. I have reviewed the Complaint, the First Amended Complaint, and supporting papers. I have personal knowledge of the facts stated therein and find those statements to be true and correct. To the extent any statements are made upon information and belief, I believe those statements to be true.

Dated: July 1, 2026
New York, New York

DEMIA SHYMANSKY