UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMIA SHYMANSKY,

Plaintiff,

-v-

STATE OF NEW YORK *et al.*,

Defendants.

25 Civ. 10850 (PAE) (KHP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On December 31, 2025, *pro se* plaintiff Demia Shymansky initiated this action against various defendants, including the State of New York and the City of New York. She seeks declaratory, injunctive, and monetary relief for alleged violations of her First, Third, Fourth, Eighth, Thirteenth, and Fourteenth Amendment rights arising from her employment as a civil servant and the application of New York Civil Service Law § 72. Dkt. 1. On February 6, 2026, she moved for a temporary restraining order ("TRO") to prevent JIJ Auction Services from selling her vehicle, which she claims was confiscated by defendants to prevent the preservation of evidence allegedly related to the claims in this action. Dkt. 14 ("Mot.") ¶¶ 8–10.

Before the Court is the May 20, 2026 Report and Recommendation of the Honorable Katharine H. Parker, United States Magistrate Judge. Dkt. 81 ("Report"). It recommends denying the motion for a TRO because Shymansky "has failed to plausibly allege that she will face irreparable harm if JIJ Auction is permitted to proceed with the sale of her vehicle. *Id.* at 5. On June 15, 2026, Shymansky objected to the Report. Dkt. 96 ("Objection").

For the following reasons, the Court adopts the Report in full.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Shymansky objects to the Report on the ground that it rests on factual errors related to whether the confiscation of Shymansky's car was (1) consistent with a statutory scheme, and (2) pursuant to a lien held by the Municipal Credit Union. Objection at 4–5. She argues that these errors caused the Report to apply the "higher standard for granting an injunction" applicable to challenges to government action taken in accordance with a particular statutory or regulatory scheme. *Id.* at 7. Because Shymansky has made a specific objection to the Report, the Court reviews it *de novo*.

To justify a TRO, a movant must generally demonstrate: "(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction." *Vazquez v. City of New York*, No. 21 Civ. 1573, 2021 WL 3417486, at *1 (S.D.N.Y. July 30, 2021). "Relevant here, the Second Circuit has made clear that a showing of irreparable harm is 'the single most important prerequisite for the issuance' of injunctive relief." *United States Specialty Ins. Co. v. Lead Name of Certain Underwriters at Lloyd's London Subscribing to Pol'y No. 10268L170237 & Pol'y No. 10268L170238*, No. 25 Civ. 5466, 2025 WL 2404753, at *1

(S.D.N.Y. Aug. 15, 2025) (quoting *New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020)).

The Court does not reach the factual issues that are the subject of Shymansky's objection because the Report's analysis and conclusion is sound irrespective of them.[1] The Report found that Shymansky failed to plausibly allege that she will face irreparable harm, because she had not "specifically enumerated what the evidence is that may be destroyed" or "how the destruction of such evidence may prejudice [Shymansky] in the underlying action." Report at 4.[2] That analysis is correct. As to irreparable harm, Shymansky's TRO motion contained only one allegation: the general statement that "[t]he vehicle constitutes evidence relevant to [her] claims against the defendants." Mot. at 14. More detail is needed to justify the "extraordinary remedy" that Shymansky seeks. *Dist. Council 1707 v. New York Ass'n For New Americans, Inc.*, No. 3 Civ. 9536, 2003 WL 22871926, at *2 (S.D.N.Y. Dec. 4, 2003); *see also* Report at 4 (collecting cases denying TRO motions where plaintiffs did not provide adequate factual detail).

Accordingly, the Court adopts Judge Parker's careful and well-reasoned Report in full. *See, e.g.*, *Chen v. New Trend Apparel, Inc.*, No. 11 Civ. 324, 2014 WL 13108990, at *1

[1] Although the Report applied the heightened TRO standard based on Shymansky's request that defendants "not enforce a regulatory scheme," that did not affect the Report's irreparable harm analysis—the Report's basis for denying Shymansky's motion. Under both the heightened and default standards, the plaintiff must demonstrate irreparable harm. See *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

[2] In her objection to the Report, Shymansky now states that the evidence in her vehicle includes "DNA and/or fingerprints," as well as "certain paperwork and records indicating the date and time of the wrongdoing." Objection at 7. Those specifics were absent from her TRO motion; accordingly, the Court does not consider them. *See Fischer v. Brushy Mountain Bee Farm, Inc.*, No. 17 Civ. 10094 (PAE), 2023 WL 8603027, at *10 (S.D.N.Y. Dec. 12, 2023) ("New arguments and factual assertions cannot properly be raised for the first time in objection to the report and recommendation, and indeed may not be deemed objections at all." (quoting *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 244071, at *5 (S.D.N.Y. May 30, 2014))), *appeal withdrawn*, 2024 WL 3408660 (2d Cir. June 10, 2024).

(S.D.N.Y. Sept. 24, 2014) (adopting report denying preliminary injunction based on failure to demonstrate irreparable harm); *KM Enters., Inc. v. McDonald*, No. 11 Civ. 5098, 2012 WL 540955, at *3 (E.D.N.Y. Feb. 16, 2012) (same); *Ramos v. Samuels*, No. 26 Civ. 3128, 2026 WL 1078046, at *3 (S.D.N.Y. Apr. 21, 2026) (denying TRO motion because "[f]ailure to establish irreparable harm is fatal to Plaintiff's request").

**CONCLUSION**

For the foregoing reasons, the Court accepts and adopts Judge Parker's Report in its entirety. The Court denies Shymansky's motion for a TRO.

The Court respectfully directs the Clerk of Court to mail a copy of this decision to Shymansky at the address on file and terminate the motion pending at docket 14.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 6, 2026
New York, New York