UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMIA SHYMANSKY,

Plaintiff,

-v-

STATE OF NEW YORK *et al.*,

Defendants.

25 Civ. 10850 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On August 11, 2026, Magistrate Judge Katharine H. Parker directed plaintiff Demia Shymansky to re-file the operative amended complaint (Dkt. 126) and to re-name it "Second Amended Complaint." Dkt. 138 ("Order #1"). Judge Parker reminded Shymansky that the sole purpose of re-filing was to rename the complaint and that "[n]o further amendments to the pleading will be permitted absent a showing of good case and after the Court has decided the anticipated motions to dismiss." *Id.* On August 17, 2026, Shymansky filed an amended complaint that did not comply with that order. Dkts. 139, 140. On that ground, on August 18, 2026, Judge Parker struck the newly filed pleadings, and reaffirmed that Shymansky could not amend the pleadings, absent a showing of good cause, until after the Court decided the pending motions to dismiss. Dkt. 145 ("Order #2). On September 16, 2026, Shymansky moved for leave to seek appellate interlocutory review of Orders #1 and #2 under 28 U.S.C. § 1292(b). Dkt. 182. For the reasons that follow, the Court denies Shymansky's motion for leave to appeal.

Under 28 U.S.C. § 1292(b), a district court may certify an otherwise non appealable interlocutory order when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may

materially advance the ultimate termination of the litigation." All three of these elements must be present. *Fairbank Reconstruction Corp. v. Greater Omaha Packing Co., Inc.*, No. 13 Civ. 907, 2020 WL 7427025, at *4 (S.D.N.Y. Dec. 18, 2020). A district court's power to grant an interlocutory appeal is not construed liberally. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24–25 (2d Cir. 1990).

This is not a close question. The Court has not yet decided whether Shymansky will be granted leave to amend. To date, it has merely deferred consideration of a proposed amendment until resolution of defendants' pending motions to dismiss. That determination, involving case management, does not present a controlling question of law as to which there is a substantial ground for difference of opinion. *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (no pure question of law where Second Circuit would have to study the record). Nor would immediate appellate review materially advance this litigation. To the contrary, an interlocutory appeal concerning the timing of plaintiff's request to amend, before this Court has resolved the pending motions to dismiss or ruled on the merits of any proposed amendment, would add a layer of proceedings without resolving any claim. Shymansky's motion for leave to appeal is thus denied. *See, e.g.*, *Fairbank Reconstruction Corp.*, 2020 WL 7427025, at *4 (denying motion for leave to appeal where there is no pure question of law); *In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. 51, (S.D.N.Y. 1998) (same where appeal would "substantially delay" the case).

The Court respectfully directs the Clerk of Court to terminate the motion at docket 182.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: October 2, 2026
New York, New York